IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:99-CR-27-BO-1
No. 5:16-CV-512-BO

| | |
|---|---|
| RUTILO RIOS GONZALEZ,<br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 134, 137]. The government has moved to dismiss the petition, [DE 140], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On July 12, 1999, petitioner pleaded guilty, without a written plea agreement, to possession with the intent to distribute at least 500 grams of cocaine and 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count One) and conspiracy to distribute and possess with the intent to distribute at least 5 kilograms of cocaine and at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (Count Two). [DE 37]. On February 1, 2000, the Court sentenced petitioner to 360 months' imprisonment and 5 years' supervised release on Counts One and Two concurrently. [DE 68]. In 2005, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 [DE 98], and the Court dismissed that motion on June 30, 2006. [DE 113].

On June 24, 2016, petitioner filed the instant motion under § 2255. [D.E. 134, 137]. Petitioner argues that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he was improperly sentenced as a career offender. [DE 137 at 4]. Petitioner also contests a two-level

guidelines enhancement related to firearms. [DE 137 at 5]. The government responded, arguing that the motion should be dismissed for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. [DE 140].

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive habeas petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Because the instant motion attacks the same conviction and sentence as was earlier challenged by the prior motion to vacate, and that motion was dismissed on the merits, the instant motion to vacate is second or successive and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *Winestock*, 340 F.3d. at 207.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is

2

debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 140] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 134, 137] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 20 day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3